her negligence contributed to the accident and that upon this branch of the case the verdict of the jury is manifestly wrong, hence the mandate must be,   Verdict set aside.   Motion for new trial granted. *Frank A. Morey*, for plaintiff.   *Tascus Atwood*, for defendant.

---

CLIFTON S. HUMPHREYS et al. *vs.* CHARLES E. OLIVER & SON, Inc.

Somerset County.   Decided July 3, 1923.   Motion for new trial by defendant.   Having failed to convince the court that the verdict of the jury was manifestly wrong, the mandate must be,   Motion overruled.   *Bernard Gibbs*, for plaintiffs.   *C. C. Holman and Gower & Shumway*, for defendant.

---

MRS. FRED F. O'BRIEN

*vs.*

INHABITANTS OF THE TOWN OF FARMINGTON.

Androscoggin County.   Decided July 16, 1923.   This was an action brought by the plaintiff against the town of Farmington to recover damages for personal injuries alleged to have been received on account of a defect in the sidewalk which it was the duty of the defendant town to keep in repair.   The alleged defect was caused by a broken plank in the sidewalk, and the only question in controversy in the case is the date when the plank was broken and when the twenty-four hour notice of the defect was communicated to one of the selectmen.

The case involved pure questions of fact.   The evidence was contradictory upon the vital issue.   The finding of the jury depended absolutely upon whether the jury believed the evidence of the plaintiff and her witnesses or of the defendants and their witnesses.   The